**MARYLAND CASUALTY CO. v. UNITED STATES.**

No. 46264.

Court of Claims.

Jan. 6, 1947.

John J. Wilson, of Washington D. C. (Whiteford, Hart, Carmody & Wilson, of Washington, D. C., and H. Ellsworth Miller, of Baltimore, Md., on the brief), for plaintiff.

Currel Vance, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and MADDEN, WHITAKER, LITTLETON, and JONES, Judges.

JONES, Judge.

This is a suit for a balance of $47,801 due on a construction contract.

The Randall Construction Company of Amarillo, Texas, entered into a contract with the defendant on March 17, 1943, for the construction of additional facilities for the United States Army Air Base at Dalhart, Texas. The contract price was $383,-196.94.

The contractor was required to furnish to the defendant a performance bond and a payment bond, upon both of which bonds the plaintiff became surety.

The contractor completed the work on or about October 7, 1943. The defendant accepted the work and admits that there is a balance due on the contract in the sum of $47,801.

The contractor failed to pay certain labor, subcontractors, and materialmen for work performed and material furnished in connection with the performance of the contract. The surety made payment of these various sums, such payments aggregating $155,732.29.

During the progress of the work the contractor secured a loan from the Amarillo, National Bank at Amarillo, Texas, and assigned to the bank as security all moneys due or to become due under the contract. At the time of filing the petition herein there was a contest between the plaintiff and the bank as to which was entitled to the contract balance.

Both the Amarillo National Bank and the Randall Construction Company were interpleaded and made parties to the suit and were summoned to appear and assert and defend their respective interests within the time allowed by the court.

Thereafter the plaintiff and the bank compromised their differences, and the bank on August 30, 1945, filed a disclaimer of any further interest in the contract balance and a consent to entry of judgment in favor of plaintiff. The Randall Construction Company, although duly served with process on January 10, 1945, made no response to the summons and has made no appearance herein and is therefore in default insofar as it might

have any claim of right to the contract balance.

In the circumstances the plaintiff is entitled to be subrogated to the rights of all the interested parties in the remaining sum due on the contract, and is therefore entitled to recover the sum of $47,801.

The Randall Construction Company, though duly served with process, having failed to appear and answer, is barred from hereafter asserting any claim against the defendant for any payments arising under the construction contract involved in this suit.

It is so ordered.

MADDEN, WHITAKER and LITTLETON, Judges, and WHALEY, Chief Justice, concur.